UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE Y. MARTINEZ-MEJIA, | |
| Plaintiff, | Civil Action No. 22-5816 (MAS) (JBD) |
| v. | |
| SOMERSET COUNTY SHERIFF'S DEPARTMENT, et al., | OPINION |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's civil complaint (ECF No. 1) and *in forma pauperis* application (ECF No. 7) in this prisoner civil rights matter. Having reviewed the application, this Court finds that leave to proceed without prepayment of fees is authorized, and Plaintiff's application is therefore granted. As Plaintiff will be granted *in forma pauperis* status in this matter, the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, the Court dismisses Plaintiff's complaint in its entirety.

**I.    BACKGROUND**

Plaintiff is a convicted state prisoner currently confined in South Woods State Prison. (ECF No. 1 at 1-3.) At the time of the events complained of in this matter, however, he was a

pretrial detainee housed in the Somerset County jail. (*Id.*) According to his complaint,[1] on March 16, 2022, between 12:45 and 1:25 p.m., Plaintiff was in the day room of his unit in the Somerset County jail. (*See* ECF No. 1-2 at 1.) While there, he witnessed another inmate named Venable take food from another Spanish speaking inmate. (*Id.*) When Plaintiff saw Venable follow the other inmate to his cell and strike the other inmate for telling Venable not to take his food, Plaintiff intervened and asked if the other inmate was all right. (*Id.*) At this point, Venable approached and confronted Plaintiff, who engaged in an argument with Venable over Venable's bullying tactics. (*Id.*) Venable then attacked and beat Plaintiff, all the while hurling insults and anti-Hispanic invective at Plaintiff. (*Id.*) As a result, Plaintiff suffered from injuries to his head, neck, back, eye, shoulder, foot, knee, and spine. (*Id.* at 1-2.)

Based on these events, Plaintiff alleges that the officers of the jail, in the form of the Somerset County Sheriff's Department, negligently failed to protect him from Venable, who Plaintiff asserts had a history of racist actions towards Hispanic inmates. (ECF No. 1 at 4-6.) Plaintiff, however, does not detail any such history other than the March 16 incident discussed above, nor does he allege which, if any, jail staff were aware of this history or witnessed the March 16 events, nor does Plaintiff provide the names of any individual staff members who could have intervened to help Plaintiff during the incident. (*Id.*) Plaintiff also alleges that the Department acted with "medical neglect" after the attack, but provides no details as to what medical treatment – or neglect – he suffered after the attacks, listing only the initial injuries he suffered. (*Id.*) It also

---

[1] Plaintiff's complaint consists of two documents – a complaint form, apparently prepared on Plaintiff's behalf by another, which is in English, and Plaintiff's own statement of events, which is attached to the complaint form but is written entirely in Spanish. The Court draws the facts of this matter from both the allegations in English on the form, and the facts alleged in the attached document which the Court has been able to translate. To the extent he is able to acquire help in doing so, should Plaintiff choose to file an amended complaint, he should attempt to have his allegations all presented in English, although he is not absolutely required to do so by the local rules and the Court will not simply ignore his allegations should they be filed again in Spanish.

appears that Plaintiff wishes to raise a claim against unnamed Somerset County officials who he believes inadequately responded to his grievances after the attack. (*Id.* at 4-5.)

## II. **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen Plaintiff's complaint and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

3

the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.   DISCUSSION

In his complaint, Plaintiff seeks to raise claims against the Somerset County Sheriff's Department and unnamed county officials pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights including their alleged failure to protect him, failure to provide adequate medical treatment, and failure to adequately respond to his grievances. Initially, the Court notes that Plaintiff has failed to identify a proper Defendant in this matter. County jails and sheriff's departments, because they are merely an arm of a municipal entity such as Somerset County, are not separate persons subject to suit under § 1983. *See e.g., Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. Apr. 8, 2015) (a county jail is not a person subject to suit under § 1983, and the county itself is instead responsible for the operation of the facility); *Medina v. Cumberland County*, No. 11-905, 2011 WL 1750738, at *2 (D.N.J. May 3, 2011) (because sheriff's department is not a separate entity from the county itself, it is not a proper defendant under § 1983, and the proper defendant would instead be the county). The Sheriff's Department must therefore be dismissed from this matter.

The only other Defendants Plaintiff names in his complaint are unnamed "County Officials." He makes no effort to identify who these officials are, or how any of them were directly involved in the alleged constitutional violations. A "defendant in a civil rights action must have personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d

Cir. 1988). As such, a defendant in a § 1983 matter cannot be found liable solely on the basis of a *respondeat superior* theory of vicarious liability, and he thus cannot be liable for the actions of his subordinates. *Id.*; *see also Iqbal*, 556 U.S. at 676. Here, Plaintiff does not identify how any county officials were personally involved in any of the alleged wrongs. He has thus failed to state a plausible claim for relief against any of the unnamed county officials, and they must be dismissed from this matter without prejudice as well.

Even putting aside the issues with the named Defendants, Plaintiff's underlying claims also suffer from other pleading inadequacies. First, to plead a failure to protect claim under the Fourteenth Amendment, the standard applicable to pre-trial detainees such as Plaintiff at the time of the alleged assault, a plaintiff must plead that he was incarcerated under conditions posing a substantial risk of serious harm, and that Defendants were deliberately indifferent to that risk – i.e. they were actually aware of the risk and at least recklessly failed to address it. *See Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012); *see also Torres v. Monmouth Cnty. Corr. Inst.*, No. 19-17704, 2021 WL 3773687, at *3-4 (D.N.J. Aug. 25, 2021). Mere negligence on the part of jail staff, such as that which Plaintiff alleges in his complaint, will thus not suffice to support a failure to protect claim. As Plaintiff pleads only negligence on the part of jail staff, and fails to plead any facts indicating that any of the staff knew of the risk to him – which appears to have been the result of an argument rather than any pre-existing risk of attack or threat – and does not plead facts indicative of deliberate indifference, his failure to protect claim fails to state a plausible claim for relief even had he named a viable Defendant.

Plaintiff's inadequate medical care claim suffers from the same deficiency. A pretrial detainee seeking to raise a constitutional claim for inadequate medical care under the Fourteenth Amendment must plead facts indicating that the named defendants were deliberately indifferent to his medical needs. *See Natale v. Camden County Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir.

5

2003). To successfully plead such a claim, a plaintiff must plead facts showing that he had a serious medical need and that the defendants committed acts or omissions which are indicative of deliberate indifference to that need. *Id.* Deliberate indifference is a "subjective standard of liability consistent with recklessness" which will be found only where the defendant "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 582 (internal quotations omitted). Deliberate indifference therefore "requires more than inadequate medical attention or incomplete medical treatment," *see King v. County of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008), and a plaintiff who demonstrates conduct amounting to only negligence or medical malpractice will fail to make out a claim for relief under § 1983. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Here, Plaintiff pleads only that unspecified staff were medically neglectful in unspecified ways. As he has not pled facts indicating deliberate indifference, and mere medical neglect will not support a constitutional claim, Plaintiff has failed to state a plausible claim for relief in his § 1983 medical inadequacy claim, and that claim must be dismissed as such.

In his final claim, Plaintiff asserts that County Officials were in some unspecified way inadequate in responding to grievances he submitted after the March 16 incident. Even putting aside the lack of facts suggesting personal involvement, such a claim would fail to state a claim for relief. This is because prisoners have no federal right to an inmate grievance system, nor do they have a right to any particular response to any grievances a state facility does allow them to file. *See, e.g., Roberts v. Aviles*, No. 10-5916, 2012 WL 603790, at *1 n. 4 (D.N.J. Feb. 16, 2012); *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa.), *aff'd*, 142 F.3d 430 (3d Cir. 1998); *see also Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"). Plaintiff's grievance related claim is therefore dismissed for failure to state a claim as well.

As all of Plaintiff's claims must be dismissed for failure to state a plausible claim for relief as well as failure to plead a proper, personally involved Defendant, Plaintiff's complaint will be dismissed without prejudice in its entirety for failure to state a claim for relief.

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 7) is **GRANTED** and his complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to state a claim. Plaintiff is granted leave, however, to file an amended complaint in this matter within thirty (30) days. An order consistent with this Opinion will be entered.

                                                */s/ Michael A. Shipp*
                                                MICHAEL A. SHIPP
                                                UNITED STATES DISTRICT JUDGE