UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSE Y. MARTINEZ-MEJIA, | | |
| **Plaintiff,** | | |
| v. | | Civil Action No. 22-5816 (MAS) (JBD) |
| SOMERSET COUNTY SHERIFF'S DEPARTMENT AND COUNTY OFFICIALS, | | OPINION |
| **Defendants.** | | |

**SHIPP, District Judge**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's amended complaint. (ECF No. 16.) As Plaintiff was previously granted *in forma pauperis* status in this matter, the Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's amended complaint shall be dismissed without prejudice in its entirety.

**I.      BACKGROUND**

Plaintiff is a convicted state prisoner currently confined in South Woods State Prison. (ECF No. 1 at 1-3.) At the time of the events complained of in this matter, however, he was a pretrial detainee housed in the Somerset County jail. (*Id.*) According to the amended complaint, on March 16, 2022, between 12:45 and 1:45 p.m., Plaintiff was in the day room of the protected custody unit in the Somerset County jail. (*See* ECF No. 16 at 9.) While there, he witnessed another inmate named Venable get into a dispute with another Spanish speaking inmate. (*Id.*) After Plaintiff intervened, Venable attacked Plaintiff and assaulted him. (*Id.*) When officers saw the attack, a code blue alarm was triggered and the jail was locked down while officers responded to

the unit and broke up the incident and transported Plaintiff for medical treatment. (*Id.*; ECF No. 16-1 at 10.) Plaintiff alleges that guards on the unit had previously been told that inmates believed Venable to be dangerous, but does not detail what exactly was told to the guards, when, or by whom. (ECF No. 16 at 9-10.) Plaintiff suggests that this attack should not have been able to occur because he had been placed in a protective custody unit. According to Plaintiff, inmates in such a unit should not all be permitted out of their cells together, which Plaintiff believes gave Venable the opportunity to attack him. (*Id.*)

Based on these events, Plaintiff seeks to raise failure to protect claims against the Somerset County Sheriff's Office, the county sheriff, the warden of the jail, the county board of commissioners, and the individual commissioners themselves. Plaintiff also asserts that he may have claims against "unknown others" at the jail, but makes no efforts to provide identifiable details as to who these other Defendants are or how they were involved in this matter. (*Id.* at 7.) As all of the identified Defendants are supervisors or municipal entities, Plaintiff attempts to connect them to his attack by arguing that the jail did not follow proper state procedural rules for the operation of a protective custody unit. (*Id.* at 5-7.) Plaintiff acknowledges in his amended complaint, however, that there were protective policies and procedures in place, and that they were not followed in this instance. (*Id.* at 9-10.)

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen Plaintiff's complaint and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.    <u>DISCUSSION</u>

In his amended complaint, Plaintiff seeks to raise claims against the Somerset County Sheriff's Department and a number of supervisory county officials pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights including their alleged failure to protect him from another inmate's attack.   Initially, the Court notes that Plaintiff has once again named as a Defendant the county sheriff's department or office.   As this Court previously explained to Plaintiff, however, a county sheriff's department or office is not a person amenable to suit under § 1983 separate and apart from the municipality which operates the department, and is thus not a proper civil rights defendant. *See Medina v. Cumberland County*, No. 11-905, 2011 WL 1750738, at *2 (D.N.J. May 3, 2011) (sheriff's department is not a separate entity from the county itself, and is thus not a proper defendant under § 1983).   The Sheriff's Department must therefore be dismissed from this matter once again.

As to the other Defendants, all of whom are supervisory officials, Plaintiff seeks to raise failure to protect claims.   In order to plead a viable failure to protect claim under the Fourteenth Amendment, a plaintiff must plead facts showing that he was incarcerated under conditions posing a substantial risk of serious harm, and that the defendants were deliberately indifferent to that risk – i.e. they were actually aware of the risk and at least recklessly failed to address it. *See Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012); *see also Torres v. Monmouth Cnty. Corr. Inst.*, No. 19-17704, 2021 WL 3773687, at *3-4 (D.N.J. Aug. 25, 2021).   Because Plaintiff does not plead his claims against individual officers or guards present on the date in question and instead raises his claims against supervisors and municipal officers, Plaintiff must also plead facts which would show how those Defendants were personally involved in the alleged failure to protect him from a fellow inmate. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988).   Because a supervisory or county official cannot be found liable solely on the basis of a *respondeat superior*

4

theory of vicarious liability, *Iqbal*, 556 U.S. at 676, this will generally require a plaintiff to plead facts showing that the supervisor or municipal official adopted a policy, practice, or custom which was the moving force behind the violation of the plaintiff's rights. *See, e.g., City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978); *see also Los Angeles County v. Humphries*, 562 U.S. 29, 35-36 (2010).

Here, Plaintiff fails to plead a viable supervisory claim against any of the named Defendants. Plaintiff fails to plead any facts to indicate that the named Defendants, as opposed to unspecified officers, were in any way made aware of the alleged threat Plaintiff believed Venable posed to him prior to the attack. Indeed, Plaintiff has not even pled what guards were actually told, or how those allegations should have made the supervisory Defendants aware that he posed a risk to Plaintiff specifically. Instead, Plaintiff attempts to argue that the supervisory Defendants are responsible because the jail's protective custody unit was not as secure as Plaintiff would like and was not operated in accordance with applicable policies and practices put into place by the supervisors, municipal officers, and the State of New Jersey itself. Plaintiff is thus attempting to bring a claim against the supervisors by suggesting that they should be held responsible because of the policies and practices they put into place, but in doing so Plaintiff has specifically alleged that there were policies and practices in place which were not followed in this specific instance. Clearly, those policies which the supervisors put into place cannot have been the moving force behind the alleged violation of Plaintiff's rights if they were not being followed.

Even had Plaintiff pled facts which would show that the issue he raises—permitting all protective custody inmates to recreate at the same time—was the result of practices put into place by the named Defendants, he would still not have successfully pled a failure to protect claim. Although Plaintiff may be correct that the attack upon him would not have been possible had he and Venable not been on recreation and out of their cells at the same time, that such a practice

merely made the attack possible does not render it the moving force behind the attack.  Plaintiff's own allegations suggest that Venable only attacked him in retaliation for his intervening between Venable and a third inmate, and the attack was not a foreseeable result of the mere fact of shared recreation time.  In any event, without specific details which would show why allowing both Venable and Plaintiff to recreate at the same time placed Plaintiff in a risk of serious harm of which Defendants at least should have been aware, Plaintiff cannot successfully plead that any named Defendant was deliberately indifferent sufficient to support a failure to protect claim.  As Plaintiff has failed to plead a plausible claim for relief against the named Defendants, and has not attempted to identify or connect any of the "unknown" defendants to his claims sufficient to plead a claim against an identifiable fictitious defendant, Plaintiff's amended complaint must be dismissed without prejudice in its entirety.

## IV.    CONCLUSION

For the reasons expressed above, Plaintiff's amended complaint (ECF No. 16) is **DISMISSED WITHOUT PREJUDICE**.  Plaintiff is granted leave, however, to file a second amended complaint in this matter within thirty (30) days.  An order consistent with this Opinion will be entered.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**